UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN MOOREHEAD, | ) |
| Plaintiff(s), | ) No. C 09-2763 BZ |
| v. | ) **ORDER DISMISSING COMPLAINT** |
| | ) **WITH LEAVE TO AMEND AND** |
| JOHN DOE, | ) **GRANTING IFP APPLICATION** |
| Defendant(s). | ) |

On June 22, 2009, *pro se* plaintiff Ken Moorehead ("plaintiff"), filed a complaint seeking relief from an unidentified defendant, and applied to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). Having reviewed the complaint and application, I find that plaintiff has failed to state a claim upon which relief may be granted, and I therefore **DISMISS** his complaint with leave to amend.

Under 28 U.S.C. § 1915(e)(2), a court must dismiss a complaint filed *in forma pauperis* which, liberally construed, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); Marks v. Slocum, 98 F.3d 494, 495 (9th Cir. 1996) (*per curiam*); Franklin v. Murphy, 745 F.2d

1

1221, 1226-27 n.5 (9th Cir. 1984). Construed liberally in his favor, plaintiff's complaint fails to allege facts sufficient to state a claim.[1] Plaintiff appears to allege that he has suffered from some type of chemical attack; however, from the details set forth in plaintiff's rambling complaint, I cannot be sure of the nature of his claim or how he has specifically been harmed. Plaintiff's complaint, while lengthy, is difficult to decipher. Plaintiff's alleged injuries seem to stem from more than one event, yet the nature of plaintiff's grievances are unclear. Specifically, it is unclear who plaintiff thinks caused his injuries; why plaintiff attributes his injuries to a specific, albeit unidentified, defendant; when plaintiff's injuries are alleged to have occurred; or what specific injuries plaintiff is suffering from. Moreover, while "Doe" defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be added, see Gillespie v. Civiletti, 629 F.2d 637, 643 (9th Cir. 1980) (citing Wiltsie v. California Department of Corrections, 406 F.2d 515, 518 (9th Cir. 1968)), plaintiff's complaint does not contain enough information concerning the identity or whereabouts of the fictitious Doe defendant to enable the Marshal to serve defendant and plaintiff does not address how he intends to discover the Doe defendant's identity.

Additionally, plaintiff's complaint also fails to state

---

[1] A *pro se* complaint must be liberally construed, giving the plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

2

any grounds for this court's jurisdiction. To file suit in federal court, a plaintiff must invoke federal jurisdiction. Generally, this means filing a case that involves a question of federal law, or in which the parties are from different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1331 and 1332(a). Here, it is not clear what, if any, federal claim plaintiff is alleging or whether there is any reason for this case to be in federal court.

Because I find that plaintiff's complaint fails to state a claim upon which relief may be granted, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's complaint is **DISMISSED** with leave to amend. If plaintiff desires to proceed with this lawsuit, he must file an amended complaint by **August 28, 2009**. The amended complaint should demonstrate that plaintiff is legally entitled to relief in federal court and should be a short, legible statement in plain English that explains what the Doe defendant allegedly did to him, how he thinks the defendant's actions violated his legal rights, and what relief he is seeking, and should contain enough information about the Doe defendant to demonstrate that plaintiff will be capable of uncovering the Doe defendant's identity. In amending his complaint, plaintiff may wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual is available in the Clerk's Office and online at: www.cand.uscourts.gov. If plaintiff does not amend or otherwise comply with this Order by **August 28, 2009**, this case may be dismissed.

2.  Attached is information about the Volunteer Legal Services Program's Legal Help Center for pro se litigants. The Court also suggests that plaintiff make an appointment with the Center to ensure timely prosecution of his case.

3.  By no later than **August 28, 2009**, plaintiff shall also consent to or decline magistrate judge jurisdiction. The form to do so is available online at: www.cand.uscourts.gov.

4.  Plaintiff's application to proceed in forma pauperis is **GRANTED**. The marshal shall not serve the complaint pending further order of the Court.

Dated: July 28, 2009

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\MOOREHEAD v. DOE\IFP.wpd

4

**Are you representing yourself in Federal Court?**

**Do you need help with your case?**

# Volunteer Legal Services Program
# Legal Help Center

**450 Golden Gate Avenue, 15th Floor, Room 2796**

The Legal Help Center (the "Center") provides *pro se* litigants with:

- information about their legal rights and responsibilities and court procedures applicable to their cases,
- limited-scope legal advice,
- help preparing simple pleadings, and
- referrals to legal, social, and government services.

Assistance is provided by appointment only. If you are representing yourself in Federal Court and would like help with your civil case, you may make an appointment to meet with an attorney at the Center. Sign up in the appointment book on the table outside the door of the Center, located on the 15th floor of the Federal Courthouse, Room 2796, up to two weeks in advance. On the day of your appointment, bring relevant paperwork for your case, including drafts you may want the attorney to review, and wait just outside the Center for the attorney to call you in at the appointed time.

If you do not speak English or have difficulty with English, please bring someone to your appointment who can translate for you. We can not provide a translator.

**If you seek help from the Center, you will still represent yourself. The attorney at the Center can not be your lawyer; the attorney can only give you information, advice, and basic legal help.**